IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONTEMPORARY PERSONNEL, INC. : | |
|      Plaintiff : | CIVIL ACTION |
| : | NO.  09-00187 |
| vs. : | |
| : | |
| GODIVA CHOCOLATIER, INC. : | |
| : | |
|      Defendant : | |

MEMORANDUM OPINION AND ORDER

GOLDEN, J.                                                                                                       AUGUST 6, 2009

Plaintiff Contemporary Personnel, Inc. ("Contemporary") brought this action claiming the Defendant Godiva Chocolatier, Inc. ("Godiva") violated 42 U.S.C. § 1981 when it allegedly unlawfully terminated its contractual relationship with Contemporary "due to Plaintiff's imputed racial identity resulting from its strong association with its Hispanic and African American employees." Compl. at ¶¶ 1,22.  Presently before the Court is the motion of Godiva  to dismiss for lack of standing or, in the alternative, for failure to state a claim. For the reasons which follow, the motion is granted.

On a facial challenge to standing/ subject matter jurisdiction pursuant to a motion to dismiss, the Court accepts as true all factual allegations and draws all reasonable inferences in favor of the plaintiff. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

The relevant allegations are as follows:  Contemporary is a staffing services agency that had a contractual relationship with Godiva whereby it would provide Godiva with temporary employees and Godiva  would pay Contemporary for the services provided.  Compl. at ¶¶ 6,8.. Contemporary provided Godiva with temporary employees for 11 years. Id. at ¶ 8. During this period of time, over 65% of the temporary employees provided by Contemporary to Godiva were "minorities, specifically African-American and Hispanic individuals." Id. at ¶ 11. In the summer of 2005, Cindy Karchner became Manager of Employee Relations for Godiva. Id. at ¶ 12. While Karchner occupied that position, she made "numerous derogatory comments to Contemporary Personnel relative to the providing of Black and Hispanic

employees" to Godiva as temporary employees. Id. at ¶ 13. By April of 2008, Godiva had changed ownership. Id. at ¶ 17. On April 11, 2008, Godiva advised Contemporary that Godiva was ending its "contractual relationship" with Contemporary and would no longer be using Contemporary to fill its staffing needs. Id. at ¶ 16. Contemporary requested that Godiva reconsider this decision, but Contemporary's request was denied. Id. at ¶ 18. Two Vice Presidents of Contemporary met with Karchner to discuss Godiva's decision to stop using Contemporary to fulfill its staffing needs and Karchner "reiterated her belief that they should have provided fewer minorities" to Godiva. Id. at ¶ 19.

Contemporary alleges that Godiva terminated its "contractual relationship" with Contemporary due to "Contemporary's imputed racial identity resulting from its strong association with Hispanic and African-American employees" and "treated Contemporary differently than a similarly situated company with a different imputed racial identity" in violation of 42 U.S.C. § 1981.

In its motion to dismiss for lack of subject matter jurisdiction, Godiva contends that Contemporary lacks standing to assert a § 1981 claim against Godiva because its grievance does not fall within the "zone of interests" regulated by § 1981. See Bennett v. Spear, 520 U.S. 154, 162 (1997). The Court agrees.

Section 1981 provides that:

> "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

42 U.S.C. 1981(a) (2009). Although a corporation is not a person, it may acquire standing under § 1981 if it has acquired an "imputed racial identity." See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1055 (9th Cir. 2004). In Thinket, the Plaintiff was a minority-owned technology services contractor certified by the United States Small Business Administration ("SBA") as a firm owned and operated by socially and economically disadvantaged individuals, eligible to receive federal contracts under the SBA's business development program. Id. Each of the Plaintiff's shareholders was African-American. Id.

2

The Court found under these special circumstances, where the corporation is a SBA-certified minority-owned business and its shareholders are all minorities, the corporation had acquired an imputed racial identity. Id. at 1059. The Court held that when a "corporation either suffers discrimination harm cognizable under § 1981, or has acquired an imputed racial identity, it is sufficiently within the statutory zone of interest to have prudential standing to bring an action under § 1981." Id.

While courts have adopted the imputed racial identity concept from Trinket, those courts have only found corporations to have an imputed racial identity when the owner, majority of shareholders and/or president are members of the specific class that is alleged to have been dicriminated against. See Amber Pyramid, Inc. v. Buffington Harbor Riverboats, L.L.C., 129 Fed Appx. 292, 295 (7th Cir. 2005)(holding that a "minority-owned corporation, like Amber-Pyramid, assumes an `imputed racial identity' from its shareholders."); Bains, LLC v. Arco Products, Ltd., 405 F.3d 764, 770 (9th Cir. 2005) (finding a corporation had an imputed racial identity where the company was owned entirely by Sikh shareholders); Verma v. Jefferson Hospital Ass'n, 2006 U.S. Dist. LEXIS 81926 at *7 n.12 (E.D.Ark. Oct. 6, 2006) (finding that a corporation had standing under § 1981 when its owner and sole shareholder was a minority, which was the basis of discrimination); Jamerson v. Milwaukee County, Procurement Div., 2006 U.S. Dist. LEXIS 42245, at *30 (E.D. Wis. June 7, 2006) (stating that "a minority owned company, such as [plaintiff corporation] assumes an `imputed racial identity' from its shareholders")

Here, there are no allegations in the Complaint that would indicate that Contemporary has acquired a racial identity for purposes of having standing under § 1981. Plaintiff does not even allege the race of Contemporary's owner, president or shareholders much less the racial make-up of its workforce. Rather, Plaintiff only alleges that over the past 11 years, 65% of the employees Contemporary provided to Godiva happened to have been African-Americans or Hispanics and that the "imputed racial identity" that a corporation needs to have standing under § 1981 exists merely from Contemporary's strong association with Hispanic or African-American employees . There simply is no precedent in any jurisdiction, let alone the Third Circuit, for finding an imputed racial identity to a corporation for purposes of having standing under § 1981 based on simply a "strong association with Hispanic or African-American employees." Since the Court

finds that Contemporary does not have standing to bring this suit under § 1981, the motion to dismiss for lack of subject matter jurisdiction is granted. Accordingly, the Court need not consider Defendant's motion to dismiss for failure to state a claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONTEMPORARY PERSONNEL, INC. | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO.  09-00187 |
| vs. | : | |
| | : | |
| GODIVA CHOCOLATIER, INC. | : | |
| | : | |
| Defendant | : | |

ORDER

AND NOW, this 6th day of August, 2009, it is hereby ORDERED that  the Motion of the Defendant to Dismiss [Doc. #3] is GRANTED.

The Complaint is DISMISSED WITH PREJUDICE.

The Clerk shall mark this case closed for statistical purposes.

BY THE COURT:

*S/THOMAS M. GOLDEN*
THOMAS M. GOLDEN, J.